**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BOBBY LAYTHEN BINFORD, | No. 15-35874 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-05103-SAB |
| v. | |
| KENNEY, Medical Director; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Bobby Laythen Binford, a Washington state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment because Binford failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his Hepatitis C. *See id.* at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a difference of opinion are insufficient to establish deliberate indifference).

The district court did not abuse its discretion by denying Binford's motion to compel discovery because the denial of the motion did not result in actual and substantial prejudice, as the discovery Binford sought would not preclude summary judgment. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review for denial of motion to compel discovery and explaining that trial court's broad discretion to deny discovery will not be disturbed except for clearest showing that denial resulted in actual and substantial prejudice to the complaining litigant). Moreover, Binford did not file a motion to continue summary judgment as required under Federal Rule of Civil Procedure 56(d).

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-35874